Case 1:10-cv-00772 Document 1 Filed 02/04/10 Page 1 of 14

C4

**FILED**

RECEIVED

MAR 1 2 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 04 2010
FEB 04 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| CRAIG CHARLES,<br>        plaintiff<br><br>  v.<br><br>THOMAS DART, SALVADOR GODINEZ,<br>STEIN, JONES, JOHN MUELLER,<br>FORBES, GROSS, AND JOHN DOE<br>OFFICER, JANE DOE LT., JOHN DOE SGT.<br>JOHN DOE PSYCHOLOGIST, JANE DOE<br>PSCH WORKER,<br><br>        defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **CASE 10 CV 772**<br><br>    JUDGE KENNELLY<br>    MAGISTRATE JUDGE ASHMAN |

## C O M P L A I N T

1. This is an action by Craig Charles pro se, an inmate in the custody of the Illinois Department of Corrections and is a temporary inmate of the Cook County Department of Corr--ection at the time of this cause, whoes Constitutional rights have been violated by the defendants Deliberate Indifference towards his mental illness.

2. Mr. Craig Charles brings this Civil rights action pursuant to title 42 U.S.C. 1983 and 1985 to redress the violation of his Eight (8) and Fourteenth (14) Amendment to the Constitution; Thereby alleging defendants acted with Deliberate Indifference towards his serious medical need when they denied him medication to treat his mental illnes and the use of unnecessary force in response to the plaintiff mental distrurbance caused by the lack of medication, and conspired to cover their actions up.

3. Mr. Charles seeks compensatory and punitive damages, as well any attorney fees and Court costs from defendants.

### JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343 because the matters in controversy arise under the Constitution and Laws of the United State.

5.  Venue is proper in this Court under 28 U.S.C. 1391 (b).

## P A R T I E S

6.  Mr. Charles is an inmate temporary within the Cook County Department of Correction here on remand from the Illinois Department of Correction.

7.  Defendant Thomas Dart is, and at all times rlevant to this lawsuit, the Cook County Sheriff and is responsible for the overall management of the CCDOC, including inmates grievances and medical care. Me Charles sues Dart in his official capacity.

8.  Defendant Salvador Godinez is, and at all times relevant to this lawsuit, an empolyee of the CCDOC and acts as executive Director, and is responsible for the management and administration of CCDOC, including inmates grievances and medical care. Mr Charles sues Godinez in his official capacity.

9.  Defendant Stein is, and at all times relevant to this lawsuit a psychologist employed by cermak health services to provide need evaluation to determine what medication are need inresponse to mental illness, and to ensure those inamtes are properly treated and encharge of the overall adminstration of mental health services in RDCD.

10.  Defenadnt Junes is, and at all times relevant to this lawsuit a psychologist employed by cermak health services to provide mental health treatment to inmates within the CCDOC. Mr. Charles sues Jones in her individual capacity.

11.  Defendant John Mueller is, at all time relevant to this lawsuit employee of the CCDOC and acted as supervisor of programs services, and is responsible for the management adminst--ration of CCDOC, including inmates grievances and medical care. Mr Charles sues Mueller in his official and individual capacity.

12.  Defendant Forbes is, and at all time relevant to this lawsuit employed by the CCDOC as a correctional officer. Mr Charles sues forbes in individual and official capacity.

13.  Defendant Gross is, and at all times relevant to this lawsuit employed by the CCDOC as a correctional officer. Mr Charles sues Gross in his individual and official capacity.

14.  Defendant John Doe Officer is, and at all times relevant to this lawsuit employed by the CCDOC as a correctional officer. Mr Charles sues john doe in his individual and official capacity.

15.  Defendant Jane Doe is, and at all time relevant to this lawsuit empolyed by the CCDOC as a Lieutenant. Mr Charles sues jane doe in her individual and official capacity.

16.  Defendant John Doe Sergeant is, and at all times relevant to this lawsuit employed by the CCDOC as a Sergeant. Mr Charles sues john doe in his individual and official capacity.

17.  Defendant John Doe Psychologist is, and at all times relevant to this lawsuit empolyed by cermak health services. Mr. Charles sues john doe in his individual capacity.

18.  Defendant Jane Doe Psch Worker is, and at all times relevant to this lawsuit employed as a psch worker by cermak health services. Mr Charles sues jane doe in her individual cap-acity.

## F   A   C   T   S

19.  Tha plaintiff Craig Charles is a mentally ll  who have been said to suffered from major depression, and manic depressive for which he was prescribed the medications of pro--zac, paxil, zolf, sinquan and elveail to treat the illiness.

20.  The plaintiff frist entered the CCDOC on January 8, 2003 once he reached the RCDC he was refused medication to treat his illiness, this refusal lasted his ertire stay at the CCDOC until he left the CCDOC on January 27,2005.

21.  This denial of medication came from Ms. Stein who gave all kinds of reason for not allowing the plaintiff access to the needed medications to treat his illiness.

22.  Not until the plaintiff was transfered out of the CCDOC to the IDOC did he finally begain to receive  traetment for his mental llliness and receive psychotherapy which he went without for some two (2) years back at the CCDOC.

23.  While the plaintiff was at the CCDOC he was refered to the cermak health services for for treatment of his mental Illiness, by psychiatrist from the Forensic Clinical services who thought as well the plaintiff was in need of medication after they interveiwed him do to Court order, but was still ignored.

24.  Because the plaintiff was successful in his appeal process was remanded back to the CCDOC from the IDOC on September 26,2007, upon his arrival through the RCDC his medication

was discontinued for no reason after being successfully being treated.

25. The plaintiff returned back and forwards to the CCDOC and IDOC on a number of dates on October 25, 2007 the plaintiff came back to the CCDOC on remand, upon his arrival the plaintiff was again refused his medication by Ms. Stein who stated "we do not medicate IDOC inmates at the CCDOC.

26. The plaintiff after finishing at the RCDC always was assigned to division one (1) a maximum security unite within the CCDOC that did not have the required theraputic programes to address his needs for psychotherapy.

27. For months the plaintiff went without medication to treat his mental illiness due to the defendants act of ommision, even where he made many request for this treatment but was still denied it.

28. The plaintiff was taken for an psch evaluation over in cermak where a psychologist interveiwed him and stated he do not need any medication he only needs a visit, and refused to refere the plaintiff further for the medications.

29. The plaintiff was as well interveiwed by a Doctor Jones at cermak about a week later and she refused to further the plaintiff's request for medication to stating she would not do it, and did not want to see the plaintiff any more.

30. The plaintiff because of this lack medication to treat his mental illines and psycho--therapy his mental condition begain to deteriorate to the point he begain to experience psychotic symptoms hallucinations and delusional thinking and was suicidal.

31. The plaintiff experienced increased anxieties, increased depression, suppressed appetite, head and body aches, nausea, and sleep deprivations as a result of all named defe--ndants actions in denying him his need medication.

32. The plaintiff suddenly became disruptive, delusional and talked of suicid, was taken for another psch evaluation this time in RCDC befor defendant Stein, who upon seeing the plaintiff enter her office became very upset and state "he's not gitting any dame medication git him the hell out of my office".

32. The plaintiff became upset as well he and Ms Stein exchanged words, and other officers begain to crowed around, defendants Forbes and Gross was among them.

-4-

32. All while the plaintiff was in Ms.Stein's office, he was handcuffed behide his back defendant Forbes pulled the plaintiff by the arm, and the plaintiff pulled away from defendant forbes, and without warning Forbes sruck the plaintiff in the face knocking him to the floor out of his seat, all other officers who was present joined in and kick,punched and stomped the plaintiff.

33. All whiles the beating of the plaintiff was taking place jane doe lieutenant and john doe sergeant stood by and watch and never made any attempt to intervene allowed the defendant's action to go unchecked.

34. When the beating of the plaintiff stopped defendant Forbes,gross,john doe officers, jane doe LT. and john doe Sgt. put the plaintiff into an bull pen. the plaintiff suffered as a result of the defendants actions a bloody nose, bruising to his face, sworeness his ribs and suffered and injuries to his back.

35. The defendant's refused to allow the plaintiff to see a doctor for injuries befor put-
-ting him in the bull pen who was only a mere feets away from the bull pen who wathed the whole incident and was willing to treat the plaintiff.

36. The defendant's showed deliberate indifference towards the plaintiff's serious medical needs as well his safty when the denied him the right to be treated for his injuries caused by their acts.

37. The use of force by defendant's Forbes,Gross and john doe officers was unnecessary and was maliciously sadistically done for the very purpose to cause the unwanton infliction of pain.

38. The plaintiff filed a grievance complaining of this action, he never recieved a response from any one concerning the grievance, he wrote to defendant's Dart and Godinez explaining things to them concerning the defendant's action and did not recieve a response from them either.

39. The plaintiff was shipped from the CCDOC to the IDOC on Febuary 11,2008 for no reason when the plaintiff was in the CCDOC on Court order, he never recieved a rsponse from his grievnace or from Defendant's Dart or Godinez.

40. The plaintiff returned back to the CCDOC from the IDOC on July 7,2008 again due to Court order and was denied medication again by Ms. Stein, the plaintiff filed another grievance concerning her action as well  wrote to Defendant's Dart,Godinez and Mueller,

after writing these defendant's the plaintiff was shipped back to 1DOC on July 29,2008.

41. On August 20,2008 again the plaintiff remanded back to the CCDOC from the 1DOC and again was on medication and was denied that medication, he filed another grievance and wrote the defendant's and soon thereafter was shipped back out of the CCDOC on August 25,2008.

42. It seem defendant's Dart,Godinez and Mueller has conspired each time the plaintiff would file an grievance complaining of  the refusal of his medication and the beating he sustained at the hands of defendant's would be shipped out of the CCDOC.

43. Each time the plaintiff would return from the CCDOC his mental condition would have serverally deteriorated that he would be isolated put on suicid watch.

44. Not until the plaintiff returned back to the CCDOC on January 5,2009 did he finally begain to recieve the required medication to treat his mental illiness that was prescribed him befor coming to the CCDOC.


## E X H A U S T I O N  OF  R E M E D I E S

45.  Mr. Charles has exhausted all administrative remedies available to him prior to bring this 42 U.S.C. ℥ 1983 civil rights lawsuit within the meaning of the prison litigation reform act, 42 U.S.C. ℥ 1997 (e) (a) and copies of are attached hereto.


## C A U S E  OF  A C T I O N

46.  The plaintiff reallege and incorporate by reference paragraphs 19-41

47.  Based upon information and belief defendant's Dart and Godinez knew that the abrupt ending to necessary treatment of mentally ill inmates who enter into the CCDOC through RCDC the are on psychotropic medications would cause serious harm to the inmate but disregarded that harm and allow the practice of enterfering with and denying the medication continued when the Department of Justice in their report of July 11, 2008 informed them that they was being deliberate indiffernce to those inmates serious medical needs as well Mr. Charles medical needs to cause the unnecessary wanton of pain in direct violation to the plaintiff's eighth amendment right to the United States Contitution.

48. Based upon information defendants Dart, Godinez, Stein, Jones and john doe psychologist knew that thier action of enterfering with and denying mentally ill inmates need medicaton they knew was documented of needing was at all times cause the unwanton of serious harm and server psychological damage was being deliberate indifferent to the plaintiff serious medical need in direct violation of his eight admendment right to the United States Contitution.

49. The defendant's Forbes, Gross, Jane doe LT., john doe Sgt., john doe officers knew because they where not psch trained to deal with inmates who becomes mentally disturbed because of lack medication, should not have used the excessive force they used on the plaintiff that caused serious physical and mental harm. This use of physical force against the plaintiff and the defendant's jane doe LT. and john doe Sgt. not to intervene to prevent the misuse of force that was maliciously and sadistically done to cause harm constitutes cruel and unusual punishment in direct violation of the plaintiff's eighth amendment right to the United States Constitution.

50. The defendant Mueller knew he had a responsibility once he was made aware of the plaintiff issues concerning not being treated for his mental ill via grievance, he had a duty to ensure the plaintiff received that needed medication but intered in a cloth on conspirece with defendant's Dart and Godinez to cover that need up he as well caused the plaintiff the unnecessary wanton of serious prolonged harm constituting dilberate indifference to the plaintiff's serious needs with his act of ommissions in violation of the plaintiff's eighth admendment right to the United States Contitution.


### REQUEST FOR REFIEF

WHEREFORE: Plaintiff Craig Charles respectfully request that this Court:

A. Grant Charles compensatory damages against defendan's Dart, Godinez, Stein, Jones, Mueller, Forbes, Gross, john doe officers, jane doe Lt. john doe Sgt, john doe psycholgist, jane doe psh worker.

B. Grant Charles punitve damages against defendant's Dart, Godinez, Stein, Jones, Mueller, Forbes, Gross, John doe officer, jane doe Lt., john doe Sgt., john doe psycholgist, jane doe psch worker.

C. Grant Charles any other relief necessary to eradicate the effects of defendant's unlawful practices.

## DEMAND FOR JURY TRIAL

Pursuant to Federa Rule of Civil Procedure 38 (b) Charles demands trial by Jury for all of the issues pleded so triable.


Respectfully Submitted,


Craig Charles 20090027254
P.O. Box 089002
Chicago,Il 60608


Date Jan, 22, 2010

Oct 7, 2009

TO: Sherriffs Legal Department

FROM: Craig Charles- 20090027254  Div 10 - 3A

Dear Legal Department
    I was instructed to contact you concrening some grievances I wrote some time back for
which I never recieved any response to, and I'm still looking for that response attached
to this correspondence is a copy of the lates grievance that I wrote which have the dates
I filed the grievances and the numbers I was under.

    If you could please address this concern for me and git this information back to me in
reasonable time.



                        Thank You Very Much



                                        Craig Charles
                            Craig Charles

3A-7

Part A / Control #: _____ X _____

Referred To: _____

☐ Processed as a request.

## COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: Charles    First Name: Craig

ID #: 2009 -0027254   Div.: 10   Living Unit: 3A   Date: 9 / 1 / 09

BRIEF SUMMARY OF THE COMPLAINT: I Craig Charles Craig Prior
This Grievance Committee non complaint of act recieving
response to my grievances and complaints. Thus far
or any re-change or mediation - I have resceipt I have
complaint records form 11-06-08 Return (5-11) (Grievance
of re-renewal 9-26-09) (9-26-09) 7-3-09 of 2009-000155,
(7-5-08 2008-04 1950) (8-22-08 2009-006023) —
Stating I complete and or citing out - have
wait. The Grievance request a request I want a
control number _____

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
I want immediately C-renewal report, or records

ACTION THAT YOU ARE REQUESTING: _____

### DETAINEE SIGNATURE: Craig Charles

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: __/__/__

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.*
*All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY - PROG. SERV.)   (YELLOW COPY - C.R.W.)   (PINK COPY - DETAINEE)   (GOLDENROD COPY - DIVISION/SUPT. OFFICE)

Patt-A / Control #: ___X___

Referred To: _____

☑ Processed as a request.

## COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: Charles          First Name: Craig

ID #: 2009 -0027254   Div.: 10   Living Unit: 3A   Date: 6/26/09

BRIEF SUMMARY OF THE COMPLAINT: I Craig Charles wish to ask
the grievance committee seeking assistance or information concerning the status of grievances that submitted on the following dates No. 30 09
7-15-09, 8-22-09. I consent came to the program per ____ Mitigation to serving my prison sentence ____ due to CCDOC on return from the IDOC I returned back twice without receiving the result of the grievance and as ____ I was here and I want to have the issue ____ resolved because I suppose recurred mental anguish as a result of ____ knowing the mitigation to serving my mental illness

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
To have the results of the above [ boxed grievances and the
ACTION THAT YOU ARE REQUESTING:
Issues of the grievances ____ ____ ____ in 30 days

**DETAINEE SIGNATURE:** Craig Charles

C.R.W.'S SIGNATURE: _____     DATE C.R.W. RECEIVED: ___/___/___

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.
All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Part A / Control #: _____ X _____

Referred To: _____

☐ Processed as a request.

## COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: **Charles**     First Name: **Craig**

ID #: 2009 -0027254  Div.: 10  Living Unit: 3A  Date: 12/15/09

BRIEF SUMMARY OF THE COMPLAINT: I come in complaint of the Sheriffs Legal Department Refusal to Respond to an inquiry I sent them as instructed to see why do of my Grievances have been adress to the Ethical of Medication when I returned to the CCDOC from the IDOC on serveral Dates

_____

_____

_____

_____

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

I want my Grievances adressed

ACTION THAT YOU ARE REQUESTING:

_____

**DETAINEE SIGNATURE:** Craig Charles

C.R.W.'S SIGNATURE: _____     DATE C.R.W. RECEIVED: ___/___/___

*Please note: Decisions of the "Detainee Disciplinary Hearing B...* grieved or appealed throug... the use of a grievance form.
*All appeals must be made in writin...* ...bmitted to the Superintenden...

(WHITE COPY – PROG. SERV.)   (YELLOW COPY   C.R.W.)   (...   ...TA.NE...   (GOLDENROD COPY   DIVISION/SUPT OFFICE)

PART – C

## C.C.D.O.C. DETAINEE GRIEVANCE FORM PROCESSED AS A REQUEST

*Please Note :*

- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

**Detainee's Last Name:** _____   **First Name:** _____

**ID#:** _____ – _____   **Div:** ____   **Tier/LivingUnit:** ____

**Date of Request:** __/__/__   **Date C.R.W. Received Request:** __/__/__

**This request has been processed by:** _____ **C.R.W.**

*Summary of Request:*

_____

_____

_____

_____

*Response and/or Action Taken:*

_____

_____

_____

_____

_____

_____

_____

_____ – _____ **Date:** __/__/__ **Div./Dept.** ____

(Print name of individual responding)   (Signature of individual responding)

( WHITE COPY - PROG. SERV. CENTRAL OFFICE )   ( YELLOW COPY – C.R.W. WEEKLY PACK )   ( PINK COPY – DETAINEE )

PART—C

## C.C.D.O.C. DETAINEE GRIEVANCE FORM PROCESSED AS A REQUEST

*Please Note :*

- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

**Detainee's Last Name:** _____ **First Name:** _____

**ID#:** _____ **Div:** _____ **Tier/LivingUnit:** _____

**Date of Request:** _____ **Date C.R.W. Received Request:** _____

**This request has been processed by:** _____ **C.R.W.**

*Summary of Request:*

_____

_____

_____

_____

*Response and/or Action Taken:*

_____

_____

_____

_____

_____

_____

_____ _____ **Date:** _____ **Div./Dept.** _____
(Print- name of individual responding)     (Signature of individual responding)

( WHITE COPY – PROG. SERV. CENTRAL OFFICE )     ( YELLOW COPY - C.R.W. WEEKLY PACK )     ( PINK COPY – DETAINEE )